**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **Case No. 16-cr-410-PWG** |
| **JOSEPH STEWART** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant Joseph Stewart's *pro se* Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 55, as well as his motion to appoint counsel, ECF No. 57. Mr. Stewart is currently incarcerated at USP Allenwood in Allenwood, Pennsylvania where he is serving a sentence of 132 months. In his motion, he requests that the Court release him due to personal health risks associated with the COVID-19 pandemic. Def.'s Mot., ECF No. 55. I have reviewed Mr. Stewart's submissions and find a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons discussed below, Mr. Stewart's motions are DENIED.

### BACKGROUND

On February 14, 2017, Mr. Stewart entered a guilty plea to one count of assault with a dangerous weapon, in violation of 18 U.S.C. § 113(a)(3), and one count of carrying a dangerous weapon openly with intent to injure, in violation of 18 U.S.C. § 13 and Md. Crim. Law Art. § 4-101(C)(2). Judgment, ECF No. 53. While the defendant entered a plea pursuant to Rule 11(c)(1)(C), the Court imposed a sentence above the guideline range upon finding that the circumstances of the assault were particularly egregious and that the defendant has multiple prior

convictions for assault.  Statement of Reasons at 3, ECF No. 54.  The Bureau of Prisons, as stated on bop.gov/inmateloc, projects him to be released on January 13, 2026.

The BOP facility where Mr. Stewart is detained, USP Allenwood Low, is currently experiencing zero active COVID-19 cases among inmates and two active cases among staff. bop.gov/coronavirus/ (last visited Mar. 8, 2021).

## DISCUSSION

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020).  However, there is an exception when modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). Here, Mr. Stewart requests a modification of his sentence for "compassionate release" under the First Step Act, as amended.[1] The First Step Act permits a defendant to petition a federal court directly after exhausting all administrative rights whenever "extraordinary and compelling reasons" warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i).  Under the statute, I must do the following: (1) determine whether the petitioner has fully exhausted all administrative remedies or 30 days have passed since the BOP received the request; (2) determine whether "extraordinary and compelling reasons" warrant a sentence reduction that is "consistent" with applicable policy statements issued by the Sentencing Commission; and (3) consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable."  *Id.*

---

[1] The "compassionate release" provision of the 1984 First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A)(i), permitted a court to alter a sentence only upon a motion by the Director of the Bureau of Prisons ("BOP").  In 2018 Congress amended the compassionate release mechanism when it enacted the First Step Act of 2018. *See* Pub. L. 115-391, 132 Stat. 5239 (2018). As amended, the compassionate release provision allows the court to act on a motion for compassionate release filed by a defendant.

**I.     Administrative Exhaustion**

A court may only consider a prisoner's motion for compassionate release if the prisoner has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or if 30 days have passed since the warden of a defendant's facility received such a request. 18 U.S.C. § 3582(c)(1)(A).  It is not apparent from the motion whether this condition is satisfied, but I will assume without deciding that Mr. Stewart has exhausted his administrative remedies.

**II.    Extraordinary and Compelling Reasons**

Second, I must determine whether "extraordinary and compelling reasons" warrant a sentence reduction and that such a reduction is "consistent" with Sentencing Commission statements.  18 U.S.C. § 3582(c)(1)(A).  I join with the majority of courts finding that 18 U.S.C. § 3582(c)(1)(A)(i) as amended grants courts with independent discretion to decide whether there are "extraordinary and compelling reasons" to modify a sentence and does not require that a court defer to the Sentencing Commission's policy statements regarding this question. *See United States v. Wise*, ELH-18-72, 2020 WL 2614816, at *7-9 (D. Md. May 22, 2020) (holding the same and collecting cases). As the Fourth Circuit observed, district courts have discretion to independently assess whether circumstances meet the extraordinary and compelling threshold.  *United States v. McCoy*, No. 20-6821, 2020 WL 7050097, *7 (4th Cir. Dec. 2, 2020).  More specifically, "district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'"  *Id.* at *9 (citing *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020). However, while not binding, *id.*, the Sentencing Commission's policy statements may provide useful guidance.

3

The Sentencing Commission's policy statements in U.S.S.G. § 1B1.13 offer guidance here. Section 1B1.13 recites the language of 18 U.S.C. § 3582(c)(1)(A) before it was amended in 2018, including the statement that "the defendant is not a danger to the safety of any other person or to the community." The commentary to the policy statement provides four examples of what constitutes "extraordinary and compelling reasons" for a sentence reduction: (1) medical condition of the defendant; (2) age of the defendant; (3) family circumstances; and (4) a catch-all "other reasons." U.S.S.G. § 1B1.13 app. note 1(A)–(C).

Mr. Stewart requests compassionate release due to the COVID-19 pandemic and its potential to jeopardize the health of incarcerated individuals. He defendant acknowledges that he does not have underlying medical conditions but states, at a general level, that COVID-19 testing is limited at USP Allenwood, the facility where he is incarcerated.

Judges in this court have found that the standard of extraordinary and compelling reasons was met during the COVID-19 pandemic where a defendant had serious medical problems that placed them at high risk for complications if they contracted COVID-19. *See, e.g.*, *United States v. Jennings*, Case No.: 13-cr-46-PWG, 2020 WL 4748462, at *4 (D. Md. Aug. 17, 2020) (citing cases in this court and others and the application of multiple conditions). Certainly, the situation regarding COVID-19 is rapidly evolving, and new information about the virus and risk factors must be taken into account, as well as the changing conditions at prison facilities, for better or worse.

At present, I cannot find that Mr. Stewart has established extraordinary and compelling circumstances sufficient to justify release. He does not suffer from medical conditions that place him at higher risk of severe illness should he contract COVID-19 and the current status at USP

4

Allenwood appears well-controlled. There is no basis in the motion for me to find extraordinary and compelling circumstances.

## III.     Sentencing Factors

A finding of "compelling and extraordinary reasons" is a necessary, not sufficient, condition for compassionate release. This Court must also consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Those factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed;" (3) "the kinds of sentences available;" (4) the sentencing guideline ranges; (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities among defendants with similar records;" and (7) "the need to provide restitution to the victims of the offense."

Mr. Stewart cites his recent rehabilitative efforts as support for finding in his favor. He has participated in victim impact programming, fitness courses, substance abuse education, and other vocational pursuits while incarcerated. Mr. Stewart's rehabilitative efforts while incarcerated are certainly commendable.

However, the sentencing factors do not presently militate in favor of releasing Mr. Stewart. He is serving a lengthy sentence for an assault conviction. He has other troubling criminal history dating back to the late 1980s, including an assault and breaking and entering conviction. Presentence Investigation Report at 8, ECF No. 47.  More recently, there are second degree assault convictions in 2000, 2002, 2008, and 2012.  Presentence Investigation Report at 9–12. The offense here was sufficiently serious to justify an above-guidelines sentence, and the defendant has a criminal history category of VI, which shows that his prior convictions have failed to deter him

from committing new crimes. Therefore, I find that, notwithstanding his commendable efforts at rehabilitation, he would continue to present a danger to the community if released at this time.

Considering all of the circumstances, I find that granting release at this time would be inconsistent with the sentencing factors set forth in § 3553(a).

## IV.    Appointment of Counsel

Federal Public Defender reviewed Mr. Stewart's Motion for Compassionate Release and declined to supplement his motion or ask for appointment of counsel in this matter. ECF No. 60. There is no general constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551 (1987) ([T]he right to appointed counsel extends to the first appeal of right, and no further."); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013). The court has discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *see also United States v. Reed*, 482 F. App'x 785, 786 (4th Cir. 2012); *cf.* 18 U.S.C. § 3006A(a)(2)(B) (providing interests of justice standard for appointment of counsel in similar post-conviction proceedings). The record reflects that Mr. Stewart has capably presented his reasons for requesting compassionate relief without the assistance of counsel.   I find that appointment of counsel would not affect the resolution of this motion, and as a result, deny Mr. Stewart's motion.

## CONCLUSION

The Court recognizes the seriousness of the COVID-19 pandemic and the risks that Mr. Stewart faces based on his incarceration. However, I find he has failed to establish extraordinary and compelling circumstances and poses a danger to the community if released.  I also find appointment of counsel is not warranted here. Therefore, both Mr. Stewart's motion for compassionate release and his motion for appointment of counsel are denied.

## ORDER

For the reasons stated in this Memorandum Opinion and Order, it is this <u>12th</u> day of March 2021, hereby ORDERED that Joseph Stewart's motions for compassionate release, ECF No. 55, and for appointment of counsel, ECF No. 57, are DENIED.

                                                  /S/
                                      Paul W. Grimm
                                      United States District Judge